Case 1:17-cv-00046 Document 12 Filed on 07/05/18 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ALANIS-GARZA, | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-046 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Daniel Alanis-Garza's "28 U.S.C. § 2255 Collateral Attack Motion Contesting Predicates Under Hinkle/Mathis Infra" (hereinafter, Alanis-Garza's "Motion" or "§ 2255 Motion"). Dkt. No. 1 (errors in original). For the reasons provided below, it is recommended that Alanis-Garza's Motion be **DISMISSED** with prejudice. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

## I. Jurisdiction

This Court has jurisdiction over Alanis-Garza's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background

On July 15, 2015, Alanis-Garza pleaded guilty to being an alien unlawfully found in the U.S. after deportation, having previously been convicted of a felony, in

violation of 8 U.S.C. §§ 1326(a), 1326(b)(1). *See United States of America v. Daniel Alanis-Garza*, No. 1:15-cr-00550, Dkt. No. 25 at 1.[1] On November 3, 2015, Senior United States District Judge Hilda Tagle sentenced Alanis-Garza to 30 months of imprisonment. *Id*. at 1-2. Judgment was entered on November 23, 2015. *Id*. Alanis-Garza appealed. CR Dkt. No. 23. The Court of Appeals for the Fifth Circuit dismissed his appeal on November 9, 2016, finding that he had raised "no nonfrivolous issues for appellate review." CR Dkt. No. 37 at 1-2.

Alanis-Garza filed his instant § 2255 Motion on February 22, 2017. Dkt. No. 1 at 3.[2] In his Motion, he states, somewhat unclearly, that his prior felony convictions "no longer qualify" as predicates "for § 1326(B)(1) 16-level enhancements." *Id*. at 1-2 (citing "PSR at 6 ¶ 26 Cause No. 06-CR-1585-B Possession of Controlled Substance (Cocaine <1 gram)"). He adds that he was "sentenced on March 26, 2007 to 11 months suspended for 5 years probation, 'adjudication withheld.'" *Id*. at 2 (errors in original). Relying upon *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), he concludes by stating:

> Petitioner asserts that the predicate offense utilized to enhance his sentence for illegal reentry no longer quelifies as predicate offense under the categorical approach in Descamps and Mathis as determined

---

[1] Hereinafter, Alanis-Garza's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Alanis-Garza indicates that he gave his § 2255 Motion to prison authorities for mailing on February 22, 2017. Dkt. No. 1 at 3. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

> in Hinkle, Infra. Petitioner prays for resentencing in accordance with the Fifth Circuit opinion in Hinkle and developing changes. . . . Petitioner asserts to be entitled to sentence reduction and clarification of predicate offenses that led to his sentence enhancements.

*Id*. at 2 (errors in original, formatting altered).

The Government filed its "Response" to Alanis-Garza's Motion on April 25, 2017. Dkt. No. 9. The Government states that Alanis-Garza's Motion should be dismissed with prejudice for lack of merit. The Government contends that, in sentencing Alanis-Garza, Judge Tagle did not impose a sixteen-level enhancement, but instead imposed a four-level enhancement due to Alanis-Garza's prior felonies. Additionally, the Government argues that neither *Mathis v. United States, nor United States v. Hinkle*, apply to Alanis-Garza's case. *Id*. at 1, 5-6. Despite being notified of his opportunity to respond (*see* Dkt. No. 4 at 1), Alanis-Garza has not filed a reply to the Government's Response.

### III. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of

constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Although his claim is not entirely clear, Alanis-Garza indicates that Judge Tagle erred by imposing a sixteen-level enhancement upon his sentence due to his prior conviction for possession of a controlled substance. Dkt. No. 1 at 1-2 (citing "PSR at 6 ¶ 26 Cause No. 06-CR-1585-B Possession of Controlled Substance (Cocaine <1 gram)"). Relying upon *Mathis v. United States*, *United States v. Hinkle*, and *United States v. Clarke*, he also implies that his other prior felony offenses no longer qualify as predicate offenses which can be used to enhance his sentence. *Id.* at 2 ("Petitioner asserts to be entitled to sentence reduction and clarification of predicate offenses that led to his sentence enhancements.") (errors in original).

Contrary to Alanis-Garza's assertions, Judge Tagle did not impose a sixteen-level enhancement upon his sentence. *See* CR Dkt. No. 18 at 4-5 (Presentence Investigation Report assessing a four-level increase under United States Sentencing Guideline § 2L1.2(b)(1)(D)); CR Dkt. No. 26 at 1 (Statement of Reasons adopting Presentence Investigation Report "without change"); CR Dkt. No. 25 at 2 (Judgment). Instead, she imposed a four-level increase under § 2L1.2(b)(1)(D) of the United States Sentencing Guidelines ("USSG"). *Id.* Pursuant to USSG § 2L1.2(b)(1)(D), a court may apply a four-level increase if a "defendant previously was deported, or unlawfully remained in the United States," after "a conviction for

any other felony[.]" USSG § 2L1.2(b)(1)(D). Alanis-Garza was previously deported and had four prior felony convictions. *See* CR Dkt. No. 18 at 4-5; CR Dkt. No. 19 at 1, 10, 19, 24, 27. Therefore, even if the Court could find that his conviction in Cause No. 06-CR-1585-B failed to qualify as a felony conviction due to the suspension of his sentence — a finding the Court does not make — any one of Alanis-Garza's three other felony convictions would have triggered the four-level increase. *See* USSG § 2L1.2(b)(1)(D) (requiring only one felony conviction to trigger the four-level increase). Therefore, Judge Tagle did not err in applying a four-level increase to Alanis-Garza's sentence.

Nothing in *Mathis v. United States*, *United States v. Hinkle*, or *United States v. Clarke*, disturbs this conclusion. *See Mathis v. United States*, 136 S. Ct. 2243; *United States v. Hinkle*, 832 F.3d 569; *United States v. Clarke*, 822 F.3d 1213.[3] Moreover, as the Government correctly points out (*see* Dkt. No. 9 at 5), neither *Mathis* nor *Hinkle* apply retroactively to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (indicating that *Mathis* is not retroactively applicable to cases on collateral review because *Mathis* did not announce a new rule of constitutional law); *Lockhart v. United States*, EP–17–CV–392–PRM, 2018 WL 3040584, at *7 (W.D. Tex., June 19, 2018) (collecting cases holding that "Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review."); *Milan v. United States*, No. 39-CR-95, 2017 WL 535599 (N.D. Tex. Jan. 18, 2017) (noting that the appellate court in *Hinkle* applied *Mathis*

---

[3] Additionally, as *United States v. Clarke* is an Eleventh Circuit decision, it would not bind this Court even if it applied to Alanis-Garza's case.

on direct appeal, not collateral review, therefore neither *Mathis* nor *Hinkle* apply retroactively on collateral review). Thus, Alanis-Garza's reliance on *Mathis*, *Hinkle*, and *Clarke* is misplaced. Alanis-Garza's § 2255 Motion lacks merit and should be dismissed with prejudice.

### V. Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Stated differently, where claims have been dismissed on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because

Alanis-Garza has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Alanis-Garza's § 2255 Motion be **DISMISSED** with prejudice. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 5th day of July, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**